Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000024
30-NOV-2017
08:19 AM

NO. CAAP-16-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SEONG HO MICHAEL JI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0769)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Seong Ho Michael Ji (Ji) was found guilty by a jury of Assault in the Second Degree, a violation of Hawaii Revised Statutes (HRS) § 707-711(1)(a) (2014) and/or 707-711(1)(b) (2014).[1] Ji appeals from the Circuit Court of the First Circuit's (Circuit Court)[2] December 15, 2015 Judgment of Conviction and Probation Sentence.

Ji contends that (1) his trial counsel (Counsel) was ineffective when he failed to inform Ji of a plea agreement proffered by the State; (2) there was prosecutorial misconduct when the deputy prosecuting attorney (DPA) argued during closing argument that Ji's testimony was not credible, and other

---

[1]    HRS § 707-711(1)(b) provides:

**Assault in the second degree.**  (1) A person commits the offense of assault in the second degree if:

　　(a)    The person intentionally or knowingly causes substantial bodily injury to another; [or]

　　(b)    The person recklessly causes serious or substantial bodily injury to another[.]

[2]    The Honorable Karen S.S. Ahn presided.

witnesses' testimonies were, and by arguing that Ji had tailored his testimony to align with other witnesses' testimonies; and (3) there was no substantial evidence that he caused the victim's facial fracture injury, and/or that he was not acting in self-defense.

1.    Ji argues that there was ineffective assistance of counsel when Counsel failed to inform him of a plea agreement proffered by the State.[3]  A lawyer must promptly inform his or her client of an offer of a plea bargain which the lawyer receives.  Hawai'i Rules of Professional Conduct Rule 1.4(a)(6).

> [W]here the record on appeal is insufficient to demonstrate ineffective assistance of counsel, but where:  (1) the defendant alleges facts that if proven would entitle him or her to relief, and (2) the claim is not patently frivolous and without trace of support in the record, the appellate court may affirm defendant's conviction without prejudice to a subsequent Rule 40 petition on the ineffective assistance of counsel claim.

State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993).

Ji fails to demonstrate, by reference to the record, that the State proffered a plea agreement to Counsel, which Counsel failed to relay to Ji.  Thus, the record on appeal is insufficient to demonstrate ineffective assistance of counsel. However, because the exchange relied upon by Ji was ambiguous and could be read to indicate plea discussions were had between Counsel and the DPA, we reject his argument based on the state of the record before us without prejudice.

2.    Ji contends that the DPA engaged in misconduct when she argued during closing argument that he "dovetailed" his

---

[3]    Ji offers the following excerpt from a tentative change of plea hearing as the evidence of his claim:

> MR. LANDSBERG: Good morning, Your Honor. Marcus Landsberg. Mr. Ji is present next to me at this time.
>
> THE COURT: Okay, have we -- what are we doing?
>
> MR. LANDSBERG: I don't think we've been able to reach an agreement in this case at this time.
>
> THE COURT: Let's go to trial. We'll see you Tuesday, 8:30 in the morning.
>
> MS. LOWENBERG: Thank you.
>
> MR. LANDSBERG: Thank you very much, Your Honor.

testimony to fit the testimony of other testifying witnesses and offered her personal opinion that Ji was not credible, while the State's witnesses Hasegawa and Calinao were credible.

Prosecutorial misconduct is reviewed under the harmless beyond a reasonable doubt standard, which requires a determination of whether there was a reasonable possibility that the error complained of may have contributed to the conviction. State v. Wakisaka, 102 Hawai'i 504, 513, 78 P.3d 317, 326 (2003). Factors to be considered in determining whether a conviction should be overturned due to prosecutorial misconduct are: (1) whether there was improper conduct, (2) the promptness of curative instruction, and (3) the strength or weakness of the evidence against the defendant. Wakisaka, 102 Hawai'i at 513, 78 P.3d at 326 (2003) (citation omitted).

a. Argument regarding "tailoring." It is improper "under article I, section 14 of the Hawai'i Constitution for a prosecutor to make generic accusations during closing argument that a defendant has tailored his or her testimony based solely on the defendant's exercise of his or her constitutional right to be present at trial." State v. Mattson, 122 Hawai'i 312, 314, 226 P.3d 482, 484 (2010).[4] Misconduct has been found when the prosecutor draws attention to the defendant's presence at trial, remarks or implies that the defendant tailored his testimony

---

[4] In Mattson, the prosecutor "commented on the fact that Mattson had the opportunity to sit through all of the evidence presented at trial" and went on to say, "He had to make his story gibe [sic] with what you've heard. What is in evidence. . . . He sat through the evidence." Mattson, 122 Hawai'i at 320, 226 P.2d at 490 (emphasis omitted). The Mattson court adopted the reasoning of the dissenting opinion in Portuondo v. Agard, 529 U.S. 61, 63-64 (2000), that banning generic tailoring arguments was necessary to protect the defendant's constitutional right to be present at trial. In doing so, the Mattson court noted that the Portuondo prosecutor

> commented on the defendant's presence at trial during closing argument, stating in relevant part that,
>
> > unlike all the other witnesses in this case[,] the defendant has a benefit and the benefit that he has, unlike all the other witnesses, is he gets to sit here and listen to the testimony of all the other witnesses before he testifies . . . . That gives you a big advantage, doesn't it. You get to sit here and think what am I going to say and how am I going to say it? How am I going to fit into the evidence?

Mattson, 122 Hawai'i at 322, 226 P.2d at 492, quoting Portuondo, 529 U.S at 63-64.

based on his presence at trial, and does not refer to particular evidence provided at trial indicating that there was tailoring. See State v. Walsh, 125 Hawai'i 271, 285, 260 P.3d 350, 364 (2011).

Based on our review of the DPA's arguments, to the extent a generic tailoring argument was made, it was implied and not explicit. The DPA did not include any reference to Ji's presence at trial. While the DPA did point out that Ji's testimony "dovetailed" with that of other witnesses in some respects, it was not argued that this was so because he had been present to hear the testimony.

The Circuit Court gave a specific cautionary instruction, upon the objection of Counsel, informing the jury that Ji had "a constitutional right to be present throughout the trial and while other witnesses testify. You must not draw any unfavorable inference regarding the credibility of the defendant's testimony on the basis that he was present during trial." The Circuit Court also struck the DPA's last argument before the objection.[5] No further dovetailing arguments were made thereafter.

Finally, as discussed in more detail below, the State's evidence in this case was strong as it was supported by the testimony of two uninterested third parties, one of whom was a percipient witness.

b. Argument regarding credibility. It is improper conduct when the prosecutor offers personal views on the credibility of witnesses. State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996). However, during closing arguments, the prosecutor is allowed to draw reasonable inferences from the evidence presented at trial. State v. Rogan, 91 Hawai'i 405, 412-13, 984 P.2d 1231, 1238-39 (1999).

Although DPA argued many times that Ji was not credible and certain State's witnesses were credible, these arguments were prefaced by acknowledging to the jury that it was the exclusive

---

[5] The jury was also instructed that all matters stricken by the court must be disregarded and was reminded that it could not draw "any unfavorable inference regarding the credibility of the Defendant's testimony on the basis that he was present during the trial."

judge of the witnesses' credibility and recited to the jury the instruction they would receive regarding assessing credibility. The DPA did not state her personal opinion regarding credibility and in most instances, she supported her comments with evidence presented at trial and reasonable inferences that could be drawn from such evidence.

No cautionary instruction on this subject was given during the closing argument, although the jury was ultimately instructed that the attorneys' arguments were not evidence and that it was "the sole and exclusive judge of the effect and value of the evidence and of the credibility of the witnesses[,]" how to evaluate witnesses' credibility generally, and how to evaluate Ji's credibility in particular.

As discussed in more detail below, the prosecution's case was strong.

Based on consideration of all the Wakisaka factors, we conclude that any prosecutorial misconduct was harmless beyond a reasonable doubt.

3. There was substantial evidence supporting Ji's conviction. Ji challenges the evidence of complainant's facial fractures, and/or that any force used by Ji against complainant was not in self-defense.

Evidence is sufficient to support a conviction if, taken in the light most favorable to the prosecution, and recognizing the province of the jury as the trier of fact, there is substantial evidence to support every material element of the offense charged. See State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting State v. Ferrer, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)). Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Eastman, 81 Hawaiʻi 131, 135, 913 P.2d 57, 61 (1996)).

Looking to the testimony given at trial, there was substantial evidence to support the jury's finding that Ji caused complainant's facial fracture. Ji was charged and convicted of

Assault in the Second Degree under HRS § 707-711(1)(b) (2014), which provides:

> (1) A person commits the offense of assault in the second degree if:
>
> > (b)  The person recklessly causes serious or substantial bodily injury to another[.]

Substantial bodily injury includes a bone fracture. HRS 707-700 (2014).

Ji admitted at trial that he punched complainant at least once. Brandi Hasegawa (Hasegawa), complainant's ex-girlfriend, also testified that Ji admitted to her that he hit complainant. Ronald Calinao (Calinao), an employee of the bar where this incident occurred, testified that he saw Ji shove complainant and kick complainant at least once when he was on the ground. He also saw Ji make a repeated kicking motion when complainant was "sleeping" on the ground. Dr. Bryan Gushiken diagnosed complainant with a fracture of the eye socket caused by "blunt trauma" consistent with a blow with a fist.

There was substantial evidence disproving self defense. "[T]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion." HRS § 703-304(1) (2014).

Ji relies on his testimony that he hit complainant only after the latter lunged at him more than once, and only after complainant had made a fist, and Hasegawa's testimony that Ji told her complainant threatened to "fuck up" Ji and had rushed Ji and thrown a punch at Ji. However, testimony by three witnesses, including Ji, established that Ji was larger than complainant, outweighing complainant by as much as thirty-five pounds and being taller by as much as seven inches. Calinao testified that he did not see complainant hit Ji, or hear complainant say anything during the alleged assault, but saw Ji shove complainant twice, pushing him to the ground the second time. Calinao also saw Ji kick complainant once while he was on the floor, and saw Ji make repeated swinging motions with his leg as complainant appeared to "sleep" on the floor. Calinao also heard Ji swearing

at complainant throughout this altercation.  Furthermore, although Ji testified that his friend told Hasegawa, "[t]ell your boyfriend when he's down to stay down" after the alleged assault, Hasegawa testified that it was Ji who made that statement to her.

Thus, there is substantial evidence that Ji did not reasonably believe that force was immediately necessary to protect himself against complainant.  Alternatively, there was substantial evidence that Ji consciously disregarded a substantial and unjustifiable risk that his belief that his use of force against complainant was immediately necessary to protect himself was wrong.

Thus, taken in the light most favorable to the prosecution, and recognizing the province of the jury as the trier of fact, there was credible evidence of sufficient quality and probative value to enable a person of reasonable caution to support the conclusion that Ji caused substantial injury to complainant.

Based on the foregoing, we affirm the Circuit Court of the First Circuit's December 15, 2015 Judgment of Conviction and Probation Sentence without prejudice to Ji raising his claim of ineffective assistance of counsel for failure to communicate a plea offer.

DATED:  Honolulu, Hawai'i, November 30, 2017.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka),
for Defendant-Appellant.

Presiding Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge